Roc 130528
Prisoner Doct
SUMMONS ISSUED W N/C
N/c to Cnsl at
2/9/00
J. Kane JC
P/S L Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN
INMATE NO. CU-0660
SCI-CAMP HILL
P. O. BOX 200
CAMP HILL, PA 17001-0200

      PLAINTIFF
  vs.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS
2520 LISBURN ROAD
CAMP HILL, PA. 17001-8837

      DEFENDANT
  and

MARTIN F. HORN, IN HIS CAPACITY AS
SECRETARY OF THE
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, 2520 LISBURN ROAD,
CAMP HILL, PA. 17001-0598

      DEFENDANT
  and

KENNETH D. KYLER, IN HIS CAPACITY
AS SECRETARY OF THE
STATE CORRECTIONAL INSTITUTION
AT CAMP HILL
2520 LISBURN ROAD
CAMP HILL, PA. 17001-8837

      DEFENDANT
  and

CORRECTIONAL OFFICER ROBERT VIA,
INDIVIDUALLY AND AS A
CORRECTIONAL OFFICER OF THE
STATE CORRECTIONAL INSTITUTION
AT CAMP HILL
2520 LISBURN ROAD
CAMP HILL, PA. 17001-8837

      DEFENDANT
      JOINTLY AND SEVERALLY

1:CV 00-0238

CIVIL ACTION

NO. _____

FILED
HARRISBURG, PA

FEB 8 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983, and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 (a) (3) and (4).

2. Plaintiff further invokes the pendent jurisdiction of the Court to hear and decide claims arising under state law.

3. The amount in controversy exceeds $150,000.00 exclusive of interest and costs.

4. Venue is placed in this district because it is where all the parties reside and where the events complained of occurred.

5. State law claims are joined herewith under principles of pendent and supplemental jurisdiction and 28 U.S.C. Section 1367.

## PARTIES

6. Plaintiff, Clarence Franklin (hereinafter referred to as "Plaintiff"), is a citizen of the United States, a resident of the Commonwealth of Pennsylvania, and an inmate at State Correctional Institution, Camp Hill, Pennsylvania.

7. Defendant, the Pennsylvania Department of Corrections, is a department of the Executive branch whose principal duty is the care, custody and control of inmates.

8. Defendant, Martin F. Horn (hereinafter referred to as Defendant "Horn"), is Secretary of the Pennsylvania Department of Corrections and was at all times pertinent to the allegations of this complaint, and at all times material hereto responsible for the training, suspension, hiring, discipline and conduct of Defendant Robert Via, Correctional Officer, as is more specifically set forth hereinafter. He is responsible by law for enforcing the regulations of the Department of Corrections and for ensuring that correctional officers of the Commonwealth of Pennsylvania obey the laws of the Commonwealth of Pennsylvania, and the United States. He is sued in his official capacity.

9. Defendant, Kenneth D. Kyler (hereinafter referred to as Defendant "Kyler"), of the State Correctional Institution at Camp Hill, Pennsylvania, and was at all times pertinent to the allegations of this complaint, and at all times material hereto responsible for the training, suspension, hiring, discipline and conduct of Defendant Robert Via, Correctional Officer, as is more specifically set forth hereinafter. He is responsible by law for enforcing the regulations of the Department of Corrections, at Camp Hill, and for ensuring that Camp Hill correctional officers obey the laws of the Commonwealth of Pennsylvania, and the United States. He is sued in his official capacity.

10. Defendant, Correctional Officer Robert Via (hereinafter referred to as Defendant "Via"), was at all times material to the allegations in this complaint employed by the Pennsylvania Department of Corrections as a correctional officer. He is sued individually and in his official capacity.

11. At all times relevant hereto, and in all their actions described herein, Defendants were acting under color of law and pursuant to their apparent authority as Secretary, Superintendent, and Correctional Officer employed by the Pennsylvania Department of Corrections, respectively.

### COUNT I
### DEPRIVATION OF CIVIL RIGHTS TITLE 42 U.S.C. SECTION 1983

12. Plaintiff incorporates by reference the averments contained in paragraphs 1 through 11, inclusive, as fully as though the same were herein set forth at length.

13. On or about February 20, 1998, Plaintiff was an inmate at the State Correctional Institution at Camp Hill, Pennsylvania.

14. Plaintiff was in his cell putting on his clothes to go into the yard area.

15. Defendant Via was immediately outside of the Plaintiff's cell door, and he had Plaintiff's socks, at which time Plaintiff requested them.

16. Defendant Via placed Plaintiff's socks and shoes on his food panel within the cell door.

17. Plaintiff reached for these items with his right hand, and Defendant Via violently slammed the food panel against Plaintiff's hand, totally severing Plaintiff's ring finger.

18. Plaintiff's severed ring finger laid outside of his cell door for approximately one hour.

19. Plaintiff did not receive medical attention or treatment for approximately one hour.

20. Plaintiff remained in his cell for approximately one hour in a state of extreme pain, as well as mental anguish as a result of Defendant Via's actions.

21. Defendant Via, in a wanton and reckless manner, and without justification, wilfully, maliciously and intentionally assaulted and battered Plaintiff causing serious bodily injury to Plaintiff.

22. As a result of the foregoing, Defendant Via callously disregarded, was deliberately indifferent to and violated the rights of Plaintiff which are secured by the laws and Constitution of the United States, in particular 42 U.S.C. Section 1983, and the Fifth, Eighth, and Fourteenth Amendments and his rights under the Constitution of the Commonwealth of Pennsylvania.

23. As a direct and proximate result of the above described unlawful acts of Defendant Via, all committed under color of his authority as a correctional officer of the Pennsylvania Department of Corrections, and while acting in that capacity, Plaintiff suffered grievous bodily harm and extreme physical pain and suffering, all of which is in violation of his rights secured by the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. Section 1983.

24. Plaintiff was the victim of callous, and excessive physical assault and battery administered in a grossly disproportionate manner to whatever his acts may have been, and such excessive physical assault and battery constituted cruel and

unusual punishment, and deprived Plaintiff of his rights to due process of law under the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments. The assault and battery of Plaintiff was unwarranted, cruel, unusual, unjustifiable and excessive.

25. As a further result of the above-described acts, Plaintiff was deprived of the rights and immunities provided to him under the laws and Constitution of the United States, and of the Commonwealth of Pennsylvania, including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process of law and to have the equal protection of the laws.

26. The failure of Defendants Horn and Kyler to provide training and supervision regarding the use of excessive force and the limitations on the authority of fellow correctional officers amount to gross negligence, callous disregard for and deliberate indifference to the safety, security and civil rights of the citizens of the Commonwealth of Pennsylvania and the inmates residing within the Pennsylvania Department of Corrections facilities. Said gross negligence, deliberate indifference and negligent training and supervision was a proximate cause of the injuries sustained by Plaintiff.

27. Defendants Horn and Kyler, in their capacity as Secretary and Superintendent of the Pennsylvania Department of Corrections, are directly liable and responsible for the acts of Defendant Via, because they knowingly failed to enforce the laws secured by the Constitution of the United States, the laws of the

Commonwealth of Pennsylvania and the regulations of the Pennsylvania Department of Corrections pertaining to the use of force, the authority of deputy correctional officers, and they failed discipline prior actions of deputy correctional officer(s) regarding excessive use of force and failed to provide proper and adequate training or remedial training, thereby creating within the Pennsylvania Department of Corrections and its facilities an atmosphere of lawlessness in which Defendant Via employed excessive and illegal force and violence in the belief that such acts will be condoned and justified by his superiors and were the custom and policy of the Pennsylvania Department of Corrections.

28.  Defendants Horn and Kyler were, or should have been, aware of these unlawful acts and practices prior to and at the time of the assault and battery of the Plaintiff, yet failed to take remedial or disciplinary measures regarding such acts, thus establishing the condonation of such illegal and unconstitutional acts as the custom and policy of the Pennsylvania Department of Corrections.

## COUNT II
### PLAINTIFF VS. DEFENDANT VIA (ASSAULT)

29.  Plaintiff incorporates by reference paragraphs 1 through 28 hereof, as fully as if specifically set forth at length herein.

30.  Defendant Via, individually and in his capacity as a correctional officer immediately prior to physically attacking Plaintiff, intended to and did, place Plaintiff in imminent fear of a harmful or offensive bodily contact, by verbally threatening

Plaintiff using profane and vulgar language, coupled with harmful bodily contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger.

**COUNT III**
**PLAINTIFF vs. DEFENDANT VIA (BATTERY)**

31. Plaintiff incorporates by reference paragraphs 1 through 30 hereof, as fully as is specifically set forth at length herein.

32. Defendant Via individually and in his capacity as a correction officer engaged in conduct which intentionally caused Plaintiff to suffer harmful physical contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger.

33. As a result of the aforementioned battery by defendant Via, Plaintiff suffered the following, personal injuries, some or all of which may be permanent: traumatic amputation of the distal portion of his right ring finger, amputated past irreparable and unable to be attached to his hand, as well as protruding finger bone, and a fracture of the tuft on his hand.

34. As a further result of the foregoing actions of Defendant Via, Plaintiff has suffered and may in the future suffer, extreme physical pain and emotional and psychological suffering; has been obliged, and may in the future be obliged, to undergo and receive medical care and treatment in an effort to medically cure his injuries, has been hindered, and may in the future be hindered, in attending to his usual and daily duties, activities and occupations.

## COUNT IV
## DELIBERATE INDIFFERENCE TO MEDICAL TREATMENT

35. Plaintiff incorporates by reference the averments contained in paragraphs 1 through 34, inclusive, as fully as though the same were herein set forth at length.

36. Defendants Horn and Kyler in their capacity as Secretary and Superintendent respectively, as well as Defendant Via, deliberately denied medical treatment to Plaintiff for approximately one hour, depriving Plaintiff of necessary medical treatment and attention.

37. Plaintiff's severed ring finger fell outside of his cell and laid on the prison floor for approximately one hour, and as a result greatly diminished his chances for reconstructive surgery to reconnect his finger with his hand.

38. Defendants deliberate indifference to Plaintiff's medical needs and treatment offend involving standards of decency and violated his rights which are secured by the laws and Constitution of the United States, in particular 42 U.S.C. Section 1983, the Fifth, Eighth, and Fourteenth Amendments and his rights under the Constitution of the Commonwealth of Pennsylvania.

39. Defendants Horn and Kyler and The Department of Corrections are vicariously liable, under the doctrine of respondeat superior, in that the medical authorities as well as fellow correctional officers, i.e., Defendant Via, deliberately and wantonly denied medical treatment and attention to Plaintiff, in that they owed 1) a legal duty or obligation to conform to a certain standard of conduct, i.e., to provide medical treatment

and attention as promptly as possible to avoid agravating the injury, 2) they failed to conform to that standard, 3) there is a reasonably close casual connection between the conduct and the resulting injury; and 4) the plaintiff suffered an actual injury, and loss, i.e. his finger and nerve damage.

**WHEREFORE**, Plaintiff Clarence Franklin prays for judgment in his favor, and against Defendants, jointly and severally, as follows:

1. Compensatory damages in a sum of money in excess of $150,000.00 dollars;

2. Punitive Damages;

3. Awarding Plaintiff the reasonable costs and expenses of this action;

4. Awarding reasonable attorney's fees; and

5. Such other further relief as may be just.

_____
Fincourt B. Shelton, Esquire
Attorney for Plaintiff I.D. 31598
Mr. Clarence Franklin
Inmate No. CU-0660

_____
Angelo L. Cameron, Esquire
Attorney for Plaintiff I.D. 51058
6 North Ninth Street, Suite 201
Darby, PA 19023
(610) 532-5550

*Kane P/S Law Clerk*
*19 PS 1-00-CV-238*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as req[uired] by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for th[e use] of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CLARENCE FRANKLIN, #CU-0660
STATE CORRECTIONAL INSTITUTION
P.O. BOX 200
CAMP HILL, PA 17001-8837

### DEFENDANTS

PENNSYLVANIA DEPARTMENT OF CORRECTIONS
2520 LISBURN ROAD
CAMP HILL, PA 17001-8837

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  DAUPHLIN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  DAUPHLIN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ANGELO L. CAMERON, ESQUIRE
FINCOURT B. SHELTON, ESQUIRE
6 NORTH NINTH STREET, SUITE 201
DARBY, PA 19023
(610) 532-5550

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | LABOR / SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. § 1983

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE: 1/19/2000

SIGNATURE OF ATTORNEY OF RECORD
ANGELO L. CAMERON, ESQUIRE */s/ A. Cameron, Esq*