

Law Clerk's Copy

FILED
HARRISBURG, PA

MAR 0 3 2000

MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLARENCE FRANKLIN,        :
                               :
        Plaintiff,            :
                               :      CIVIL ACTION NO. 1:CV-00-0238
        v.                   :
                               :
THE PENNSYLVANIA DEPARTMENT :
OF CORRECTIONS, MARTIN F. HORN, :
KENNETH D. KYLER AND ROBERT   :
VIA                               :
                               :
        Defendants.        :

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**STATEMENT OF THE CASE**

**A.**      **Identity of the Parties and Nature of the Action**

        Plaintiff, Clarence Franklin, is an inmate currently incarcerated in the State

Correctional Institution at Camp Hill ("SCI-Camp Hill"). Defendants are the Pennsylvania

Department of Corrections ("the Department"), an executive agency, Martin F. Horn, the

Secretary of the Department, Kenneth D. Kyler, the Superintendent at SCI-Camp Hill, and

Corrections Officer Robert Via ("CO Via").

Plaintiff contends that on or about February 20, 1998, CO Via slammed Plaintiff's right ring finger in the food panel of his cell door, severing it. (Complaint, ¶¶ 13-17). He further claims that CO Via then left the severed finger outside the cell for approximately an hour, before seeking medical attention. (Complaint, ¶¶ 18-20). Plaintiff contends that in so doing, CO Via violated his Fifth, Eighth and Fourteenth Amendment rights under the United States Constitution, and unspecified State Constitutional rights as well. (Complaint, ¶22). Plaintiff further claims that CO Via's conduct constituted assault and battery, as well as deliberate indifference to medical treatment. (Complaint, ¶¶ 29-39).

Plaintiff's sole claim against Secretary Horn and Superintendent Kyler, whom he is suing in their official capacities, is that they also violated Plaintiff's constitutional rights, since they are "directly liable and responsible for the acts of Defendant Via, because they knowingly failed to enforce the laws secured by the Constitution of the United States, the laws of the Commonwealth of Pennsylvania and the regulations of the Pennsylvania Department of Corrections. . . . " (Complaint, ¶ 27). Plaintiff contends that "Defendants Horn and Kyler were, or should have been, aware of these unlawful acts and practices prior to and at the time of assault and battery of the Plaintiff, yet failed to take remedial or disciplinary measures regarding such acts. . . ." (Complaint, ¶28).

## B.    Relevant Procedural History

On February 18, 2000, personal service was made upon the Litigation Coordinator at SCI-Camp Hill, presumably on behalf of Defendants Kyler and Via. Service on behalf of

2

Secretary Horn and the Department was made at the Office of Chief Counsel on February 10, 2000.

**C.    Statement of Alleged Facts**

In his complaint, Plaintiff avers that on or about February 20, 2000, while preparing to go into the yard area from his cell, he requested a pair of socks from CO Via. (Complaint, ¶¶ 13-15). He claims that CO Via placed the socks on the food panel, and then, without any provocation, violently slammed the door shut on Plaintiff's finger, severing its tip. (Complaint, ¶¶ 16-17). Plaintiff further claims that he did not receive any medical attention for approximately an hour. (Complaint, ¶ 19).

## STATEMENT OF FIRST QUESTION INVOLVED

Whether Plaintiff's complaint against Secretary Horn, Superintendent Kyler and Corrections Officer Via in his official capacity should be dismissed for failure to state a claim under 42 U.S.C. §1983?

Suggested Answer:    Yes

## ARGUMENT

**Motion to Dismiss**

A motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) challenges the legal sufficiency of the plaintiff's case; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In such a motion, the burden is on the moving

party to show that no claim exists. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).

When evaluating a motion to dismiss, the court must accept all material allegations of the

complaint as true and draw all inferences in the light most favorable to the plaintiff.

*Pennsylvania House, Inc. v. Barrett*, 760 F.Supp. 439, 449 (M.D. Pa. 1991). However,

"[c]onclusory allegations of law, unsupported conclusions and unwarranted inferences need not

be accepted as true." *Id*. at 449 - 50. A complaint should not be dismissed for failure to state

a claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts in

support of his claim which would entitle him to relief. *Ransom v. Marrazzo*, 848 F.2d 398,

401 (3d Cir. 1988). A complaint that sets forth facts which affirmatively demonstrate that the

plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v.*

*Gamble*, 429 U.S. 97, 107-08 (1976).


I.      **Secretary Horn, Superintendent Kyler and Corrections Officer Via in his official**
        **capacity, are not "people" within the meaning of 42 U.S.C. § 1983.**

        Plaintiff specifies that he is suing Secretary Horn and Superintendent Kyler in their

official capacities, whereas he is suing CO Via in both his individual capacity and his official

capacity as a Corrections Officer. (Complaint, Caption). The United States Supreme Court has

clearly stated that, "a suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office. . .(citation omitted). As

such, it is no different from a suit against the State itself." *Will v. Michigan Department of*

*State Police, et al.*, 491 U.S. 58, 71 (1989). The Court further held that states, and their *alter*

*egos* are not "persons" within the meaning of 42 U.S.C. §1983. Thus, Plaintiff's claims

4

against Secretary Horn, Superintendent Kyler and Officer Via in their official capacities are not viable under 42 U.S.C. § 1983 and should be dismissed.

**II.    Plaintiff has failed to allege sufficient personal knowledge or acquiescence on the part of Secretary Horn and Superintendent Kyler.**

A civil rights action against a state supervisory official requires allegations that the Defendant actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1206 (3rd Cir. 1988) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). *See also Rizzo v. Goode*, 423 U.S. 363 (1976); *Egan v. Concini*, 585 F.Supp. 801 (M.D. Pa. 1984). It is clear that liability may not be imposed under §1983 on the basis of the theory of *respondeat superior*. *See Rizzo, supra; Rode, supra; Monell v. Dept of Social Services*, 436 U.S. 658 (1978). Plaintiff alleges a single incident on the date of February 20, 1998, and offers no factual basis whatsoever to indicate that Secretary Horn or Superintendent Kyler knew of or acquiesced in the alleged conduct on that date.

**III.    Even under Plaintiff's version of events, CO Via's alleged conduct does not rise to the level of a Constitutional violation.**

Precedent supports the position that "a single, unauthorized assault by a guard does not constitute cruel and unusual punishment. . . . " *George v. Evans*, 633 F.2d 413, 416 (5th Cir. 1980). An isolated assault by an individual guard on an inmate is not punishment, within the meaning of the Eighth Amendment. *See Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir. 1973); *See also Sheffey v. Greer*, 391 F.Supp. 1044, 1046 (E.D. Ill. 1975) ("[A] single punch

in the face by a prison guard does not constitute cruel and unusual punishment"). Although a spontaneous attack by a guard is cruel and it is hoped unusual, it does not fit any ordinary concept of punishment. *Johnson v. Glick*, 481 F.2d 1028, 1032 (2d Cir.1973).

It must also be taken into consideration that correctional officers, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force. *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974). Courts should be hesitant "to critique in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance." *Whitley v. Albers*, 475 U.S. 312, 320 (1981).

Further, Plaintiff fails to aver that CO Via acted with the requisite mental state to support his claim. Nowhere does he suggest that CO Via's alleged conduct was malicious or sadistic, or done for the purpose of causing harm. Moreover, there is nothing in Plaintiff's complaint which establishes CO Via's actions were anything but inadvertent, or, at most, negligent. The United States Supreme Court has held that negligence is not actionable under 42 U.S.C. §1983. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon, et al.,* 474 U.S. 344 (1986).

**CONCLUSION**

For all of the reasons stated above, the Defendants respectfully request the Court to dismiss Plaintiff's complaint against all named Defendants for failure to state a claim upon which relief may be granted.

Respectfully submitted,

William Fairall
Deputy Chief Counsel
Attorney ID # 20840

Peter Hobart
Assistant Counsel
Attorney ID # 83737

PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: March 2, 2000

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLARENCE FRANKLIN,                          :
                                            :
            Plaintiff,                      :
                                            :        CIVIL ACTION NO. 1:CV-00-0238
        v.                                  :
                                            :
THE PENNSYLVANIA DEPARTMENT                 :
OF CORRECTIONS, MARTIN F. HORN,             :
KENNETH D. KYLER AND                        :
ROBERT VIA                                  :
                                            :
            Defendants.                     :

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of

the foregoing Brief in Support of Defendants' Motion to Dismiss upon the person(s) and in the

manner indicated below.

Service by first-class mail
addressed as follows:

Clarence Franklin, CU-0660
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA  17001-0200

Janelle C. Porr
Clerk Typist II

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: March 3, 2000