JUDGE'S COPY

*copy ⑨*
*KANE /MS*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN :
INMATE NO. CU-0660 :
SCI - CAMP HILL :
P.O. BOX 200 :
CAMP HILL, PA. 17001-0200 :
      PLAINTIFF :
  Vs. :
PENNSYLVANIA DEPARTMENT OF :    **CIVIL ACTION NO. 1:CV 00-0238**
CORRECTIONS :
2520 LISBURN ROAD :
CAMP HILL, PA. 17001-8837 :
      DEFENDANT :
    AND :
MARTIN F. HORN, IN HIS CAPACITY :
AS SECRETARY OF THE :
PENNSYLVANIA DEPARTMENT OF :
CORRECTIONS, 2520 LISBURN ROAD :
CAMP HILL, PA. 17001-0598 :
      DEFENDANT :
    AND :
KENNETH D. KYLER, IN HIS :
CAPACITY AS SECRETARY OF THE :
STATE CORRECTIONAL :
INSTITUTION AT CAMP HILL :
2520 LISBURN ROAD :
CAMP HILL, PA. 17001-8837 :
      DEFENDANT :
    AND :
CORRECTIONAL OFFICER ROBERT VIA :
INDIVIDUALLY AND AS A :
CORRECTIONAL OFFICER OF THE :
STATE CORRECTIONAL :
INSTITUTION AT CAMP HILL :
2520 LISBURN ROAD :
CAMP HILL, PA. 17001-8837 :
      DEFENDANT :
   JOINTLY AND SEVERALLY :

FILED
HARRISBURG, PA

MAY 0 1 2000

MARY E. D'ANDREA, CLERK
Per _____
      Deputy Clerk

## ORDER

  **AND NOW** this _____ Day of _____, 2000, upon consideration of

Plaintiff, Mr. Clarence Franklin's **APPLICATION FOR JUDGMENT BY DEFAULT,**

pursuant to Federal Rule of Civil Procedure 55 (b)(2), and upon this Court's finding that all

Defendants having failed to plead or otherwise defend within Twenty (20) days upon service of

the Complaint, it is hereby **ORDERED AND DECREED** that Plaintiff's Application is hereby

**GRANTED.  It is furthered ORDERED THAT:** a hearing be held on _____ day,

_____, 2000, at _____ m. in Courtroom _____, to determine the

amount of damages to be assessed against the Defendants.

  **BY THE COURT:**


  _____

  **J.-**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CLARENCE FRANKLIN                              :
INMATE NO. CU-0660                             :
SCI-CAMP HILL                                  :
P.O. BOX 200                                   :
CAMP HILL, PA. 17001-0200                      :
     PLAINTIFF                           :
     Vs.                                 :      CIVIL ACTION NO. 1:CV 00-0238
PENNSYLVANIA DEPARTMENT OF                     :
CORRECTIONS                                    :
2520 LISBURN ROAD                              :
CAMP HILL, PA. 17001-8837                      :
     DEFENDANT                           :
     AND                                 :
MARTIN F. HORN, IN HIS CAPACITY                :
AS SECRETARY OF THE                            :
PENNSYLVANIA DEPARTMENT OF                     :
CORRECTIONS, 2520 LISBURN ROAD                 :
CAMP HILL, PA. 17001-0598                      :
     DEFENDANT                           :
     AND                                 :
KENNETH D. KYLER, IN HIS                        :
CAPACITY AS SECRETARY OF THE                   :
STATE CORRECTIONAL                             :
INSTITUTION AT CAMP HILL                       :
2520 LISBURN ROAD                              :
CAMP HILL, PA. 17001-8837                      :
     DEFENDANT                           :
     AND                                 :
CORRECTIONAL OFFICER ROBERT VIA:
INDIVIDUALLY AND AS A                          :
CORRECTIONAL OFFICER OF THE                    :
STATE CORRECTIONAL                             :
INSTITUTION AT CAMP HILL                       :
2520 LISBURN ROAD                              :
CAMP HILL, PA. 17001-8837                      :
     DEFENDANT                           :
     JOINTLY AND SEVERALLY               :

**FILED**
HARRISBURG, PA

MAY 0 1 2000

MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

### PLAINTIFF'S APPLICATION FOR JUDGMENT BY DEFAULT PURSUANT TO FEDERAL RULE CIVIL PROCEDURE (F.R.C. P. 55 (b)(2))

**TO THE HONORABLE YVETTE KANE:**

On behalf of Plaintiff, Clarence Franklin, by and through his undersigned counsel, Angelo L. Cameron, Esquire, hereby applies to this Honorable Court for Judgment By Default to be Entered, and avers as follows:

1. Plaintiff commenced the instant Civil Rights action on February 8, 2000, in which he sustained personal, and bodily injuries to his right hand and the severing of his right ring finger. (A true and correct copy of the Complaint is attached as Exhibit "A".)

2. Said injuries were the result of actions committed by a Correctional Officer Via, employed by the Pennsylvania Department of Corrections, at State Correctional Institution - Camp Hill, Pennsylvania.

3. Said Complaint was served on all Defendants, The Pennsylvania Department of Corrections, Mr. Martin F. Horn, In His Capacity as Secretary of The Pennsylvania Department of Corrections, Mr. Kenneth D. Kyler, In His Capacity as Secretary of the State Correctional Institution at Camp Hill, and Correctional Officer Via, Individually, and as a Correctional Officer at State Correctional Institution - Camp Hill.

4. The Returns of Service of Process were filed with the Clerk of Court on March 23, 2000, affirming that all captioned Defendants were served. Also, the Attorney General for the Commonwealth of Pennsylvania was served with the Complaint. (True and correct copies of the Certificates of Service are attached as Exhibits "B-1,2,3,4 and 5".)

5. As of this writing, all Defendants have failed to plead or otherwise defend within the

Twenty (20) days.

6. Plaintiff's claim is not for a sum certain, or for a sum which can by computation be made certain.

7. Plaintiff prays in his Ad Damnum clause for compensatory damages in a sum of money in excess of One-Hundred-Fifty-Thousand-Dollars ($150,000.00), punitive damages, Plaintiff's costs and expenses, reasonable attorney's fees, and any other further relief as may be just.

8. Plaintiff submits, that if, in order to enable this Honorable Court to Enter Judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence, or to make an investigation of any other matter, this Honorable Court may conduct such hearings or order such references as it deems necessary and proper, and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

**WHEREFORE,** Plaintiff, Mr. Clarence Franklin, prays that this Honorable Court grant his application for **Judgment By Default,** for the above-cited reasons, and that the relief requested be granted in his favor as against all Defendants.

Respectfully submitted,

Angelo L. Cameron, Esquire

FINCOURT B. SHELTON & ASSOC., P.C.

6 NORTH 9TH STREET, SUITE 201

DARBY, PENNSYLVANIA 19023

(610) 532-5550

Date: April 27, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN
INMATE NO. CU-0660
SCI-CAMP HILL
P. O. BOX 200
CAMP HILL, PA 17001-0200

     PLAINTIFF

    vs.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS
2520 LISBURN ROAD
CAMP HILL, PA. 17001-8837

     DEFENDANT

    and

MARTIN F. HORN, IN HIS CAPACITY AS
SECRETARY OF THE
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, 2520 LISBURN ROAD,
CAMP HILL, PA. 17001-0598

     DEFENDANT

    and

KENNETH D. KYLER, IN HIS CAPACITY
AS SECRETARY OF THE
STATE CORRECTIONAL INSTITUTION
AT CAMP HILL
2520 LISBURN ROAD
CAMP HILL, PA. 17001-8837

     DEFENDANT

    and

CORRECTIONAL OFFICER ROBERT VIA,
INDIVIDUALLY AND AS A
CORRECTIONAL OFFICER OF THE
STATE CORRECTIONAL INSTITUTION
AT CAMP HILL
2520 LISBURN ROAD
CAMP HILL, PA. 17001-8837

     DEFENDANT
     JOINTLY AND SEVERALLY

1:CV 00-0238

CIVIL
ACTION

NO._____

FILED
HARRISBURG, PA

FEB 8 2000

____ /S/ ANDREA CLERK
Deputy Clerk


PLAINTIFF'S EXHIBIT
A

## JURISDICTION AND VENUE

1.    This action is brought pursuant to 42 U.S.C. Section 1983, and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 (a) (3) and (4).

2.    Plaintiff further invokes the pendent jurisdiction of the Court to hear and decide claims arising under state law.

3.    The amount in controversy exceeds $150,000.00 exclusive of interest and costs.

4.    Venue is placed in this district because it is where all the parties reside and where the events complained of occurred.

5.    State law claims are joined herewith under principles of pendent and supplemental jurisdiction and 28 U.S.C. Section 1367.

## PARTIES

6.    Plaintiff, Clarence Franklin (hereinafter referred to as "Plaintiff"), is a citizen of the United States, a resident of the Commonwealth of Pennsylvania, and an inmate at State Correctional Institution, Camp Hill, Pennsylvania.

7.    Defendant, the Pennsylvania Department of Corrections, is a department of the Executive branch whose principal duty is the care, custody and control of inmates.

8.    Defendant, Martin F. Horn (hereinafter referred to as Defendant "Horn"), is Secretary of the Pennsylvania Department of Corrections and was at all times pertinent to the allegations of this complaint, and at all times material hereto responsible for the training, suspension, hiring, discipline and conduct of Defendant Robert Via, Correctional Officer, as is more specifically set forth hereinafter.  He is responsible by law for enforcing the regulations of the Department of Corrections and for ensuring that correctional officers of the Commonwealth of Pennsylvania obey the laws of the Commonwealth of Pennsylvania, and the United States.  He is sued in his official capacity.

9.    Defendant, Kenneth D. Kyler (hereinafter referred to as Defendant "Kyler"), of the State Correctional Institution at Camp Hill, Pennsylvania, and was at all times pertinent to the allegations of this complaint, and at all times material hereto responsible for the training, suspension, hiring, discipline and conduct of Defendant Robert Via, Correctional Officer, as is more specifically set forth hereinafter.  He is responsible by law for enforcing the regulations of the Department of Corrections, at Camp Hill, and for ensuring that Camp Hill correctional officers obey the laws of the Commonwealth of Pennsylvania, and the United States.  He is sued in his official capacity.

10.    Defendant, Correctional Officer Robert Via (hereinafter referred to as Defendant "Via"), was at all times material to the allegations in this complaint employed by the Pennsylvania Department of Corrections as a correctional officer.  He is sued individually and in his official capacity.

11.   At all times relevant hereto, and in all their actions described herein, Defendants were acting under color of law and pursuant to their apparent authority as Secretary, Superintendent, and Correctional Officer employed by the Pennsylvania Department of Corrections, respectively.

COUNT I

**DEPRIVATION OF CIVIL RIGHTS TITLE 42 U.S.C. SECTION 1983**

12.   Plaintiff incorporates by reference the averments contained in paragraphs 1 through 11, inclusive, as fully as though the same were herein set forth at length.

13.   On or about February 20, 1998, Plaintiff was an inmate at the State Correctional Institution at Camp Hill, Pennsylvania.

14.   Plaintiff was in his cell putting on his clothes to go into the yard area.

15.   Defendant Via was immediately outside of the Plaintiff's cell door, and he had Plaintiff's socks, at which time Plaintiff requested them.

16.   Defendant Via placed Plaintiff's socks and shoes on his food panel within the cell door.

17.   Plaintiff reached for these items with his right hand, and Defendant Via violently slammed the food panel against Plaintiff's hand, totally severing Plaintiff's ring finger.

18.   Plaintiff's severed ring finger laid outside of his cell door for approximately one hour.

19.   Plaintiff did not receive medical attention or treatment for approximately one hour.

20. Plaintiff remained in his cell for approximately one hour in a state of extreme pain, as well as mental anguish as a result of Defendant Via's actions.

21. Defendant Via, in a wanton and reckless manner, and without justification, wilfully, maliciously and intentionally assaulted and battered Plaintiff causing serious bodily injury to Plaintiff.

22. As a result of the foregoing, Defendant Via callously disregarded, was deliberately indifferent to and violated the rights of Plaintiff which are secured by the laws and Constitution of the United States, in particular 42 U.S.C. Section 1983, and the Fifth, Eighth, and Fourteenth Amendments and his rights under the Constitution of the Commonwealth of Pennsylvania.

23. As a direct and proximate result of the above described unlawful acts of Defendant Via, all committed under color of his authority as a correctional officer of the Pennsylvania Department of Corrections, and while acting in that capacity, Plaintiff suffered grievous bodily harm and extreme physical pain and suffering, all of which is in violation of his rights secured by the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. Section 1983.

24. Plaintiff was the victim of callous, and excessive physical assault and battery administered in a grossly disproportionate manner to whatever his acts may have been, and such excessive physical assault and battery constituted cruel and

unusual punishment, and deprived Plaintiff of his rights to due process of law under the laws and Constitution of the United States, in particular the Fifth, Eighth and Fourteenth Amendments.  The assault and battery of Plaintiff was unwarranted, cruel, unusual, unjustifiable and excessive.

25.  As a further result of the above-described acts, Plaintiff was deprived of the rights and immunities provided to him under the laws and Constitution of the United States, and of the Commonwealth of Pennsylvania, including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process of law and to have the equal protection of the laws.

26.  The failure of Defendants Horn and Kyler to provide training and supervision regarding the use of excessive force and the limitations on the authority of fellow correctional officers amount to gross negligence, callous disregard for and deliberate indifference to the safety, security and civil rights of the citizens of the Commonwealth of Pennsylvania and the inmates residing within the Pennsylvania Department of Corrections facilities.  Said gross negligence, deliberate indifference and negligent training and supervision was a proximate cause of the injuries sustained by Plaintiff.

27.  Defendants Horn and Kyler, in their capacity as Secretary and Superintendent of the Pennsylvania Department of Corrections, are directly liable and responsible for the acts of Defendant Via, because they knowingly failed to enforce the laws secured by the Constitution of the United States, the laws of the

Commonwealth of Pennsylvania and the regulations of the
Pennsylvania Department of Corrections pertaining to the use of
force, the authority of deputy correctional officers, and they
failed discipline prior actions of deputy correctional officer(s)
regarding excessive use of force and failed to provide proper and
adequate training or remedial training, thereby creating within
the Pennsylvania Department of Corrections and its facilities an
atmosphere of lawlessness in which Defendant Via employed
excessive and illegal force and violence in the belief that such
acts will be condoned and justified by his superiors and were the
custom and policy of the Pennsylvania Department of Corrections.

    28.  Defendants Horn and Kyler were, or should have been,
aware of these unlawful acts and practices prior to and at the
time of the assault and battery of the Plaintiff, yet failed to
take remedial or disciplinary measures regarding such acts, thus
establishing the condonation of such illegal and unconstitutional
acts as the custom and policy of the Pennsylvania Department of
Corrections.

## COUNT II
### PLAINTIFF VS. DEFENDANT VIA (ASSAULT)

    29.  Plaintiff incorporates by reference paragraphs 1
through 28 hereof, as fully as if specifically set forth at
length herein.

    30.  Defendant Via, individually and in his capacity as a
correctional officer immediately prior to physically attacking
Plaintiff, intended to and did, place Plaintiff in imminent fear
of a harmful or offensive bodily contact, by verbally threatening

Plaintiff using profane and vulgar language, coupled with harmful bodily contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger.

## COUNT III
### PLAINTIFF vs. DEFENDANT VIA (BATTERY)

31.  Plaintiff incorporates by reference paragraphs 1 through 30 hereof, as fully as is specifically set forth at length herein.

32.  Defendant Via individually and in his capacity as a correction officer engaged in conduct which intentionally caused Plaintiff to suffer harmful physical contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger.

33.  As a result of the aforementioned battery by defendant Via, Plaintiff suffered the following, personal injuries, some or all of which may be permanent:  traumatic amputation of the distal portion of his right ring finger, amputated past irreparable and unable to be attached to his hand, as well as protruding finger bone, and a fracture of the tuft on his hand.

34.  As a further result of the foregoing actions of Defendant Via, Plaintiff has suffered and may in the future suffer, extreme physical pain and emotional and psychological suffering; has been obliged, and may in the future be obliged, to undergo and receive medical care and treatment in an effort to medically cure his injuries, has been hindered, and may in the future be hindered, in attending to his usual and daily duties, activities and occupations.

## COUNT IV
### DELIBERATE INDIFFERENCE TO MEDICAL TREATMENT

35.   Plaintiff incorporates by reference the averments contained in paragraphs 1 through 34, inclusive, as fully as though the same were herein set forth at length.

36.   Defendants Horn and Kyler in their capacity as Secretary and Superintendent respectively, as well as Defendant Via, deliberately denied medical treatment to Plaintiff for approximately one hour, depriving Plaintiff of necessary medical treatment and attention.

37.   Plaintiff's severed ring finger fell outside of his cell and laid on the prison floor for approximately one hour, and as a result greatly diminished his chances for reconstructive surgery to reconnect his finger with his hand.

38.   Defendants deliberate indifference to Plaintiff's medical needs and treatment offend involving standards of decency and violated his rights which are secured by the laws and Constitution of the United States, in particular 42 U.S.C. Section 1983, the Fifth, Eighth, and Fourteenth Amendments and his rights under the Constitution of the Commonwealth of Pennsylvania.

39.   Defendants Horn and Kyler and The Department of Corrections are vicariously liable, under the doctrine of respondeat superior, in that the medical authorities as well as fellow correctional officers, i.e., Defendant Via, deliberately and wantonly denied medical treatment and attention to Plaintiff, in that they owed 1) a legal duty or obligation to conform to a certain standard of conduct, i.e., to provide medical treatment

and attention as promptly as possible to avoid agravating the injury, 2) they failed to conform to that standard, 3) there is a reasonably close casual connection between the conduct and the resulting injury; and 4) the plaintiff suffered an actual injury, and loss, i.e. his finger and nerve damage.

**WHEREFORE**, Plaintiff Clarence Franklin prays for judgment in his favor, and against Defendants, jointly and severally, as follows:

1.  Compensatory damages in a sum of money in excess of $150,000.00 dollars;

2.  Punitive Damages;

3.  Awarding Plaintiff the reasonable costs and expenses of this action;

4.  Awarding reasonable attorney's fees; and

5.  Such other further relief as may be just.

Fincourt B. Shelton, Esquire
Attorney for Plaintiff I.D. 31598
Mr. Clarence Franklin
Inmate No. CU-0660

Angelo L. Cameron, Esquire
Attorney for Plaintiff I.D. 51058
6 North Ninth Street, Suite 201
Darby, PA 19023
(610) 532-5550

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### RETURN OF SERVICE OF PROCESS

PLAINTIFF *Clarence Franklin*    COURT CASE NUMBER *1:CV-00-0238*
DEFENDANT *Pa Dept of Corrections, et al* TYPE OF PROCESS _____

SERVE *Pennsylvania Dept of Corrections*
    (Name individual, company; corporation, etc. to be served)

FILED
HARRISBURG, PA

AT *2520 Lisburn Rd, Camp Hill, Pa*
    (Show Address)

MAR 2 3 2000

MARY E. D'ANDREA, CLERK

SPECIAL INSTRUCTIONS OR OTHER INFORMATION REGARDING SERVICE _____

_____

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT:

_____ I have personally served individual, company or corporation above.
_____ I have made service by mail as authorized by state law to the individual, company or
corporation above.  Appropriate state law authorizing this type of service is
_____ .  If certified mail was authorized, attach green cards to this
form.
__X__ I have legal evidence of service, described under Remarks and attached hereto.
    (Domiciliary service, Substituted service.)
_____ I am unable to serve the process.  (See Remarks)
NAME OF PERSON SERVED: *William Fairall*
TITLE (IF ANY) OF PERSON SERVED: *Counsel*
ADDRESS WHERE SERVED: *2520 Lisburn Rd.*
*Camp Hill, Pa*
DATE AND TIME OF PERSONAL SERVICE: *2-9-00    10:30 Am*
REMARKS: _____

*2-11-00*                    *Larry J Marino*
Date                Signature of Process Server

RETURN THE ORIGINAL OF THIS FORM WITH THE ORIGINAL SUMMONS FORM TO:
    OFFICE OF THE CLERK OF COURT, U.S. DISTRICT COURT
    (Clerk's address in which the assigned judge is located.  Refer to the
    Notice of Judicial Assignment form.)



PLAINTIFF'S
EXHIBIT
*B-1*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

### RETURN OF SERVICE OF PROCESS

PLAINTIFF _Clarence Franklin_    COURT CASE NUMBER _1:CV-00-0238_
DEFENDANT _Pa Dept of Corrections et al_ TYPE OF PROCESS _____

SERVE _Martin F. Horn_
    (Name individual, company; corporation, etc. to be served)

AT _2520 Lisburn Rd, Camp Hill, Pa_
    (Show Address)

FILED
HARRISBURG, PA

MAR 2 6 2000

SPECIAL INSTRUCTIONS OR OTHER INFORMATION REGARDING SERVICE ____CLERK
Per _____

### CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT:

_____ I have personally served individual, company or corporation above.
_____ I have made service by mail as authorized by state law to the individual, company or
corporation above. Appropriate state law authorizing this type of service is
_____. If certified mail was authorized, attach green cards to this
form.
__✗__ I have legal evidence of service, described under Remarks and attached hereto.
(Domiciliary service, Substituted service.)
_____ I am unable to serve the process. (See Remarks)
NAME OF PERSON SERVED: _William Fairall_
TITLE (IF ANY) OF PERSON SERVED: _Counsel_
ADDRESS WHERE SERVED: _2520 Lisburn Rd._
_Camp Hill, Pa_
DATE AND TIME OF PERSONAL SERVICE: _2-9-00 - 10:30 Am_
REMARKS: _____

_2-11-00_          _Larry J Marino_
Date             Signature of Process Server

RETURN THE ORIGINAL OF THIS FORM WITH THE ORIGINAL SUMMONS FORM TO:
    OFFICE OF THE CLERK OF COURT, U.S. DISTRICT COURT
    (Clerk's address in which the assigned judge is located. Refer to the
    Notice of Judicial Assignment form.)



PLAINTIFF'S
EXHIBIT
B-2

02/24/2000  11:27    7172326772         PRIORITY ONE ATTY SE          3540 PAGE  02
                                                                      *Clarence Franklin "File*

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | 02/22/2000 (3:00 Pm) |
| NAME OF SERVER    CURTIS EVERHART | TITLE    CHIEF INVESTIGATOR |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: Kenneth D. KYLER
SERVED AT STATE CORRECTIONAL INSTITUTE at HUNTINGDON PA
LOCATED IN SMITHFIELD TWP   HUNTINGDON COUNTY

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____    FILED
_____                       HARRISBURG, PA
_____                       MAR 0 0 2000

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |  MARY E. D'ANDREA, CLERK |
|---|---|---|---|
| | | | Per _____ Deputy Clerk |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  2/24/00
            Date

Betty K. Beckwith

Curtis Everhart
Signature of Server

105-S GERALD STREET
Address of Server    STATE COLLEGE, PA
                                    16801

NOTARIAL SEAL
BETTY K. BECKWITH, Notary Public
State College, PA  Centre County
My Commission Expires July 30, 2000

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

PLAINTIFF'S
EXHIBIT
B-3

AO 440 (Rev. 10/93) Summons in a Civil Action     1:CV-00-0238

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE  2/18/00  At 12:01 pm. |
| NAME OF SERVER  Larry J. Morine | TITLE  Process Server |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: _Robert VIA. His Correct name is Richard VIA_

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _Personally Served Richard VIA  2/18/00  At 12:01pm._

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _16 Mar 2000_
Date

Signature of Server  _Larry J. Morine_
_John J. Morine_

FILED
HARRISBURG, PA
MAR 2 3 2000
MARY E. D'ANDREA, CLERK
Deputy Clerk

**PRIORITY ONE ATTORNEYS' MESSENGER SERVICE**
99 South Cameron St.  P.O. Box 454
Harrisburg, PA  17108-0454
Address of Server



PLAINTIFF'S
EXHIBIT
B-4

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

35-40-4-59

APR 07 2000

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

### RETURN OF SERVICE OF PROCESS

MAR 2 3 2000

PLAINTIFF _____ COURT CASE NUMBER _____ MARY E. D'ANDREA, CLE
DEFENDANT _____ TYPE OF PROCESS _____ Per _____ DEPUTY CLERK

SERVE _Attorney General Office_
(Name individual, company; corporation, etc. to be served)

AT _16th floor Strawberry Square. Hbg, Pa. 17121_
(Show Address)

SPECIAL INSTRUCTIONS OR OTHER INFORMATION REGARDING SERVICE _____.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT:

_____ I have personally served individual, company or corporation above.
_____ I have made service by mail as authorized by state law to the individual, company or
corporation above. Appropriate state law authorizing this type of service is
_____. If certified mail was authorized, attach green cards to this
form.
_X_ I have legal evidence of service, described under Remarks and attached hereto.
(Domiciliary service, Substituted service.)
_____ I am unable to serve the process. (See Remarks)
NAME OF PERSON SERVED: _Melisa Cooper_
TITLE (IF ANY) OF PERSON SERVED: _Executive Sec. (Authorized to Accept)_
ADDRESS WHERE SERVED: _16th floor Strawberry Square_
_Hbg, Pa. 17121_
DATE AND TIME OF PERSONAL SERVICE: _March 23, 2000 @ 12:30PM_
REMARKS: _____

_3-23-00_                    _Nathaniel P. Rafferty_
Date                         Signature of Process Server
                             Nathaniel P. Rafferty

RETURN THE ORIGINAL OF THIS FORM WITH THE ORIGINAL SUMMONS FORM TO:
OFFICE OF THE CLERK OF COURT, U.S. DISTRICT COURT
(Clerk's address in which the assigned judge is located. Refer to the
Notice of Judicial Assignment form.)



PLAINTIFF'S
EXHIBIT
B-5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN                          :
INMATE NO. CU-0660                         :
SCI - CAMP HILL                            :
P.O. BOX 200                               :
CAMP HILL, PA. 17001-0200                  :
            PLAINTIFF                      :
        Vs.                                :
PENNSYLVANIA DEPARTMENT OF                 :      CIVIL ACTION NO. 1:CV 00-0238
CORRECTIONS                                :
2520 LISBURN ROAD                          :
CAMP HILL, PA. 17001-8837                  :
            DEFENDANT                      :
        AND                                :
MARTIN F. HORN, IN HIS CAPACITY            :
AS SECRETARY OF THE                        :
PENNSYLVANIA DEPARTMENT OF                 :
CORRECTIONS, 2520 LISBURN ROAD             :
CAMP HILL, PA. 17001-0598                  :
            DEFENDANT                      :
        AND                                :
KENNETH D. KYLER, IN HIS                   :
CAPACITY AS SECRETARY OF THE               :
STATE CORRECTIONAL                         :
INSTITUTION AT CAMP HILL                   :
2520 LISBURN ROAD                          :
CAMP HILL, PA. 17001-8837                  :
            DEFENDANT                      :
        AND                                :
CORRECTIONAL OFFICER ROBERT VIA:
INDIVIDUALLY AND AS A                      :
CORRECTIONAL OFFICER OF THE                :
STATE CORRECTIONAL                         :
INSTITUTION AT CAMP HILL                   :
2520 LISBURN ROAD                          :
CAMP HILL, PA. 17001-8837                  :
            DEFENDANT                      :
        JOINTLY AND SEVERALLY              :

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## JUDGMENT BY DEFAULT

Pursuant to Federal Rule of Civil Procedure 55 (b)(2), entitled "Default Judgment by the Court"; " In all other cases the party entitled to a judgment by default shall apply to the court therefore.... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."

Angelo L. Cameron, Esquire
FINCOURT B. SHELTON & ASSOC. P.C.
6 North 9Th Street, Suite 201
Darby, Pennsylvania 19023
(610) 532-5550

Date: April 27, 2000

## CERTIFICATE OF SERVICE

I, Angelo L. Cameron, Esquire, hereby depose and say that on this 27TH Day of April, 2000, I caused a true and correct copy of Plaintiff's Application for Judgment By Default to be served upon the Clerk of Courts for the United States District Court for the Middle District of Pennsylvania via United States First Class Mail, postage prepaid as follows:

Ms. Mary E. D'Andrea, Clerk of Courts,
United States District Court for the
Middle District of Pennsylvania,
United States District Courthouse
228 Walnut Street,
P.O. Box 983,
Harrisburg, Pennsylvania 17108

This statement is made pursuant to 18 Pa. C.S.A. Sec 4904 relative to unsworn falsification to authorities.

Angelo L. Cameron, Esquire
FINCOURT B. SHELTON, & ASSOC., P.C.
6 North 9Th Street, Suite 201
Darby, Pennsylvania 19023
(610) 532-5550
Attorney for Plaintiff