

# JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN
INMATE NO. CU-0660
SCI-CAMP HILL
P.O. BOX 200
CAMP HILL, PA 17001-0200
    PLAINTIFF

Vs.
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS
2520 LISBURN ROAD
CAMP HILL, PA 17001-8837
    DEFENDANT
  AND
MARTIN F. HORN, IN HIS CAPACITY
AS SECRETARY OF THE
PENNSYLVANIA DEPARTMENT OF
CORRECTIONS, 2520 LISBURN ROAD
CAMP HILL, PA. 17001-0598
    DEFENDANT
  AND
KENNETH D. KYLER, IN HIS
CAPACITY AS SECRETARY OF THE
STATE CORRECTIONAL
INSTITUTION AT CAMP HILL
2520 LISBURN ROAD
CAMP HILL, PA 17001-0598
    DEFENDANT
  AND
CORRECTIONAL OFFICER ROBERT VIA,
INDIVIDUALLY AND AS A
CORRECTIONAL OFFICER OF THE
STATE CORRECTIONAL
INSTITUTION AT CAMP HILL
2520 LISBURN ROAD
CAMP HILL, PA 17001-8837
    DEFENDANT

CIVIL ACTION NO. 1:CV 00-0238

HONORABLE YVETTE KANE

FILED
HARRISBURG, PA

JUN 0 7 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

1

JOINTLY AND SEVERALLY        :

## PLAINTIFF'S RESPONSIVE BRIEF OPPOSING
## DEFENDANTS' PRE-TRIAL MOTION TO DISMISS

**TO THE HONORABLE YVETTE KANE, JUDGE OF SAID COURT:**

On behalf of Plaintiff, Clarence Franklin, by and through his undersigned counsel, Angelo L. Cameron, Esquire, hereby responds to Defendants' Pre-trial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6), and responds as follows:

### I. FACTS

Plaintiff commenced the instant Civil Rights action on February 8, 2000, in which he sustained personal, and bodily injuries o his right hand and the severing of his right ring finger tip, which occurred on February 20, 1998. The incident occurred while Mr. Franklin was obtaining his clothes to go out to the yard. Correctional Officer Via gave rush orders to Mr. Franklin to hurry up, and while obtaining his socks, and with his hand inside the food panel of his metal cell door, Officer Via, in a hostile, violent, and malicious manner slammed said food panel door unto Mr. Franklin's right hand severing his right ring finger. Said injuries were the result of actions committed by Correctional Officer Via, employed by the Pennsylvania Department of Corrections, at State Correctional Institution - Camp Hill, Pennsylvania. Correctional Officer Via was at all relevant times hereto was under the direct supervision, control and employment of the Pennsylvania Department of Corrections, Mr. Martin F. Horn, Secretary of The Pennsylvania Department of Corrections, and Mr. Kenneth D. Kyler, Secretary of the State Correctional Institution at Camp Hill. Mr. Franklin's severed ring finger tip laid outside of his cell door for approximately one hour. He did not receive medical attention or treatment for that same time

period.

## II. ARGUMENT IN OPPOSITION TO DEFENDANTS' PRE-TRIAL MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE (F.R.C.P.) 12 (b) (6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF AND BE GRANTED

### A. DEFENDANTS' STATEMENT OF FIRST QUESTION INVOLVED

Whether Plaintiff's Complaint against Secretary Horn, Superintendent Kyler and Corrections Officer Via in his official capacity should be dismissed for failure to state a claim under 42 U.S.C. Section 1983?

**Suggested Answer: No.**

It is well settled law that a motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a party's claim for relief. The Rule's purpose is to permit trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity. **Advanced Cardiovascular Systems, Inc., v. Scimed Life Systems**, Inc., 988 F.2d 1157, 1160 (Fed. Cir.1993).** It is also well settled law that when a claim(s) are challenged under this Rule, the Court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. See **Albright v. Oliver, 510 U. S. 266, 267, 114 S. Ct. 807, 810, 127 L. Ed. 2d 114 (1994); Morse v. Lower Merion School District,** 132 F. 3d 903, 906 (3d Cir. 1997). Moreover, a claim will only be dismissed under F.R.C.P. 12(b)(6) if it appears beyond doubt that the pleader can prove

3

no set of facts in support of the claim that would entitle the pleader to relief. **Conley v. Gibson 355.**

**U.S. 41, 78 S. Ct.99, 2 L. Ed.2d 80 (1957).** See, <u>Hishon v. King & Spalding</u>, **467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed.2d 59 (1984)**. There is the standard of interpreting this type of motion in that a claim(s) will not be dismissed even though the asserted legal theories are cognizable or the relief sought is unavailable, <u>so long as other tenable legal claims are evident on the face of the compliant or the pleader is otherwise entitled to any type of relief under another possible legal theory. See Bowers v. Hardwick</u>, **478 U.S. 186, 106 S.Ct. 2841, 92 L. Ed.2d 140 (1986)**.

### 1. 42 U.S.C. SECTION 1983 PROVIDES AS FOLLOWS:

Every person who, under color of any statue, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Section 1983 provides a civil remedy for deprivations of federally protected rights caused by persons acting under color of state law. **Parratt v. Taylor, 451 U.S. 527, 535, 68 L. Ed.2d 420, 101 S. Ct.1908 (1981)**. Accordingly, in any Section 1983 action the initial inquiry must focus on whether the two essential elements to a Section 1983 action are present: 1) whether the conduct complained of was committed by a person acting under color of state law; and 2) whether this conduct deprived a person of rights, privileges or immunities secured by Constitution or laws of the United States.

### 2. DEFENDANTS' RELIANCE ON THE OFFICIAL AND/OR INDIVIDUAL CAPACITY DESIGNATIONS IS MISGUIDED

4

Defendants place a misguided reliance on the case of **Will v. Michigan Department of State Police, et.al.,** 491 U.S. 58 (1989). Plaintiff's Complaint states throughout the pleading that Secretary Horn, Superintendent Kyler, and Corrections Officer Via are sued for their actions committed under color of state law.

42 U.S.C. 1983. "To state a claim under 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." **West v. Atkins**, 487 U.S. 42, 48, 101, L. Ed. 2d 40, 108 S. Ct. 2250 (1988).

"The traditional definition of acting under color of state law requires that the defendant in a 1983 action have exercised power' possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' "**West v. Atkins**, 487 U.S. 42, 49, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988) (**quoting United States v. Classic**, 313 U.S. 299, 326, 85 L. Ed. 1368, 61 S. Ct. 1031 (1941). Accordingly, acts of a state or local employee in her official capacity will generally be found to have occurred under color of state law. **Id.**; **Flagg Bros. V. Brooks**, 436 U.S. 149, 157 n.5, 56 L. Ed. 2d 185, 98 S. Ct. 1729 (1978). This will be so whether the complained of conduct was in furtherance of the state's goals or constituted an abuse of official power. West, 487 U.S. at 49-50; **Monroe v. Pape**, 365 U.S. 167, 184-87, 5 L. Ed. 2d 492, 81 S. Ct. 473 (1961), **overruled in part on other grounds, Monell v. Department of Social Services**, 436 U.S. 658, 56 L. Ed. 611, 98 S. Ct. 2018 (1978). "It is firmly established that a defendant in a section 1983 suit acts under color of state law when he abuses the position given to him by the State."**West**, 487 U.S. at 49; **Screws v. United States**, 325 U.S. 91, 111, 89 L. Ed. 1495, 65 S. Ct. 1031 (1945) ("Acts of [police] officers who undertake to perform their

5

official duties are included whether they hew to the line of their authority or overstep it.")  **See, Barna v. City of Perth Amboy,** 42 F. 3d F09 (3d.Cir. 1994).

More importantly, through Section 1983, Congress sought "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." **Monroe v. Pape**, 365 U.S. 167, 172 (1961). Accordingly, it authorized suits to redress deprivation of civil rights by persons acting "under color of any [state] statue, ordinance, regulation, custom, or usage." 42 U.S.C. 1983. The requirement of action under color of state law means that Defendants may be liable for discharging respondents precisely because of their authority as Prison Officers. See, **Hafer v. Melo** 112 S. Ct. 358, 116 L. Ed. 2d 301 (S. Ct. 1991).

### 3. PLAINTIFF COMPLAINTS CLEARLY STATE CONSTITUTIONAL VIOLATIONS OF THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS

The acquiescence of Defendants Horn Kyler in the placement of a policy or custom or lack thereof, of one of deliberate lack of training, supervision and control over Correctional Officer Via, horrific behavior resulting in the severing of Plaintiff's finger rises to the level of a 42 U.S.C. Section 1983 Constitutional tart. The Plaintiff has alleged facts and with the resulting injury due to Defendants' Horn and Kyler dilatory supervisory commands, said conduct was so "egregious" as to exceed the boundaries of injuries for which the injured party could be compensated under tort law. **See, Byrd v. Clark**, 783 F. 2d 1002 (11th Cir. 19F6) and **Monell v. Department of Social Services**, 436 U.S. 658, 56 L. Ed 2d 611, 98 S. Ct. 2018 (1978).

### 4. CORRECTIONAL OFFICER VIA's CONDUCT AMOUNTS TO 42 U.S.C. SECTION 1983 VIOLATION

6

This egregious act was stated in Plaintiff's Complaint paragraphs 21 through 28, and thus comports with standards enunciated by Section 1983 to bring such action. The deliberate and intentional assault and battery on Plaintiff resulting in his severed finger while lying bleeding perfusely on the outside cell floor for approximately One (1) hour was deliberate and done will malice, and rises to the level of Section 1983. As alleged, the facts do state egregious, intentional, deliberate behavior. Plaintiff alleged "Deprivation of Constitutional and Federal law". **See, Smith v. Spina**, 477 F. 2d 1140 (3d. Cir. 1973).

### III. CONCLUSION

In conclusion Plaintiff, Mr. Clarence Franklin prays that his Honorable court deny Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief can be granted, and Order Defendants to answer Plaintiff's Complaint or suffer Judgment By Default.

Respectfully submitted,

Angelo L. Cameron, Esquire

Identification No. 51058

FINCOURT B. SHELTON, & ASSOC., P.C

6 NORTH 9TH STREET, SUITE 201

DARBY, PA SUITE 201

Telephone (610) 532-5550

Date: June 5, 2000   Facsimile (610) 532-5558

## CERTIFICATE OF SERVICE

I, Angelo L. Cameron, Esquire, hereby depose and say that on this 5TH day of June, 2000, I caused a true and correct copy of Plaintiff's Responsive Brief in Opposition to Defendants' Pre-Trial Motion to Dismiss to be served upon the Clerk of Courts for the United States District Court for the Middle District of Pennsylvania, as well as counsel for the Defendants via United States First Class Mail, postage prepaid as follows:

| | |
|---|---|
| Ms. Mary E. D'Andrea, Clerk of Courts, United States District Court for the Middle District of Pennsylvania, United States District Courthouse 228 Walnut Street, P.O. Box 983, Harrisburg, Pennsylvania 17108 | Bill Fairall, Assistant Counsel Attorney ID # 20840 PA Department of Corrections Office of Chief Counsel 55 Utley Drive Camp Hill, Pennsylvania 17011 |

This statement is made pursuant to 18 Pa. C.S.A. Sec 4904 relative to unsworn falsification to authorities.

_____
Angelo L. Cameron, Esquire
FINCOURT B. SHELTON, & ASSOC., P.C.
Identification Number 51058
6 North 9Th Street, Suite 201
Darby, Pennsylvania 19023
(610) 532-5550 Telephone Number
(610) 532-5558 Facsimile
Attorney for Plaintiff

# ORDER

**AND NOW** this _____ Day of _____, 2000, upon consideration of Defendants' Pre-trial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's Responsive Brief in Opposition thereto, it is hereby **ORDERED AND DECREED** that Defendants' Motion is **DENIED,** and Defendants are directed to file and serve an Answer to Plaintiff's Complaint within Twenty (20) days of this Order or Judgment By Default will be entered as against the Defendants, and a hearing will be held to assess damages upon application by the Plaintiff.

**BY THE COURT:**

_____
**HONORABLE YVETTE KANE**
**UNITED STATES DISTRICT JUDGE**