UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN, :
        Plaintiff, :
:
v. : CIVIL NO. 1:CV-00-0238
:
PENNSYLVANIA DEPARTMENT OF, : (Judge Kane)
CORRECTIONS, ET AL., :
        Defendants. :

FILED
HARRISBURG, PA

MAY 1 4 2001

MARY E. D'ANDREA, CLERK
PER_____
     DEPUTY CLERK

**MEMORANDUM**

**Background**

    Plaintiff Clarence Franklin, an inmate presently confined at the State Correctional Institution at Camp Hill, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The filing fee has been paid. Named as defendants are the Pennsylvania Department of Corrections (DOC), Martin Horn, DOC Commissioner, Kenneth Kyler, Superintendent of the State Correctional Institution at Camp Hill (SCI-Camp Hill), and SCI-Camp Hill Corrections Officer Robert Via.

    Plaintiff alleges that on or about February 20, 1998, he was housed at SCI-Camp Hill. (Doc. No. 1, Complaint). Plaintiff alleges that he received a serious bodily injury as a direct result of defendant Via slamming the food panel against his hand. (Id.). The tip of plaintiff's ring finger was severed and laid outside the cell door for approximately one hour. (Id.). Franklin was denied

medical treatment for approximately one hour. (Id.).

Thus, the plaintiff through counsel filed the instant action.[1]

Franklin sets forth four (4) allegations:

1. "(V)iolation of his rights secured by the laws and Constitution of the United States, in particular the Fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. Section 1983."

2. "Defendant Via, individually and in his capacity as a correctional officer immediately prior to physically attacking Plaintiff, intended to and did, place Plaintiff in imminent fear of a harmful or offensive bodily contact, by verbally threatening Plaintiff using profane and vulgar language, coupled with harmful bodily contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger."

3. "Defendant Via individually and in his capacity as a correction officer engaged in conduct which intentionally caused Plaintiff to suffer harmful physical contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger."

4. "Defendants deliberate indifference to Plaintiff's medical needs and treatment offend involving standards of decency and violated his rights which are secured by the laws and Constitution of the United States, in particular 42 U.S.C. Section 1983, the Fifth, Eighth, and Fourteenth Amendments and his rights under the Constitution of the Commonwealth of Pennsylvania."

(Id.). For relief, plaintiff seeks compensatory and punitive damages as well as awarding plaintiff the reasonable costs and expenses of this action and reasonable attorney's fees.

Presently pending before the court is defendants' motion to

---

[1] Plaintiff did not file his complaint on this court's § 1983 form. Instead, Franklin's counsel filed a Civil Cover Sheet with an attached ten (10) page Civil Action complaint.

2

dismiss. (Doc. No. 4). This motion has been briefed and is now ripe for consideration. For the reasons outlined below, the motion to dismiss will be granted in part. In addition, Franklin will be given 15 days from the date of this order to demonstrate to the court that he has exhausted his administrative remedies with respect to the facts alleged in the complaint or the complaint will be dismissed without prejudice, pursuant to 42 U.S.C. §1997e(a).

**Discussion**

Motion to Dismiss

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to

3

state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." <u>Holder v. City of Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990); <u>Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.</u>, 103 F.3d 1165, 1168 (3d Cir. 1997 ). This court will now discuss defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The defendants argue that they are entitled to an entry of dismissal on the basis that plaintiff failed to state a claim upon which relief may be granted. Defendants stated three reasons why their motion should be granted: (1) defendants DOC, Horn, Kyler, and Via, in his official capacity, are not "people" within the meaning of 42 U.S.C. §1983; (2) plaintiff failed to allege sufficient personal knowledge or acquiescence on the part of defendants Horn and Kyler; & (3) defendant Via's conduct does not rise to the level of a constitutional violation. (Doc. 6 p. 4-6)

It is initially asserted that a prison or correctional facility and employees thereof are not "persons" within the meaning of § 1983. In order to prevail on a claim made under § 1983, the plaintiff must plead two essential elements: 1) that the conduct

4

complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

The United States Supreme Court has ruled that a §1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment" unless the State has consented to the filing of such a suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978). This Circuit, in Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977), similarly held that the Pennsylvania Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of § 1983" (citing Fear v. Comm. of Pennsylvania, 413 F.2d 88 (3d Cir. 1969).

The United States Supreme Court ruled that "a State is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58,64 (1989). In Will, the Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71; see also Fisher v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973). The Supreme Court has reiterated its position that state agencies are not subject to liability in § 1983 actions brought in federal court. See Howlett v. Rose, 446 U.S. 356 (1990). ("Will establishes that the State and

5

arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court.")  The DOC clearly is not a person subject to suit under § 1983.  Therefore, any claims against the DOC will be dismissed as legally frivolous.

Defendants contend that Franklin's allegations against Horn and Kyler are premised solely on a theory of <u>respondeat superior</u> and, thus subject to dismissal.  Claims brought under § 1983 cannot be premised on a theory of respondeat superior. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976). As explained in <u>Rode</u>:

> A defendant in a civil rights action must
> have personal involvement in the alleged
> wrongs. . . . [P]ersonal involvement can be
> shown through allegations of personal
> direction or of actual knowledge and acqui-
> escence. Allegations of participation or
> actual knowledge and acquiescence, however,
> must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

An application of the above standards to Franklin's complaint clearly shows that he has failed to set forth a cognizable claim against defendants Horn and Kyler.  Plaintiff's complaint, with

6

respect to defendants Horn and Kyler, does not state with appropriate particularity any personal knowledge or acquiescence on their part. Plaintiff merely offers conclusory statements regarding defendants Horn and Kyler. (Doc. 1 p. 6-7) Thus, since it is apparent that Franklin is attempting to establish liability against defendants Horn and Kyler solely on the basis of their supervisory capacity, they are likewise entitled to an entry of dismissal.

Exhaustion

With respect to the applicability of administrative remedies, 42 U.S.C. § 197e(a) reads as follows:

> No action shall be brought with respect to
> prison conditions under section 1979 of the
> Revised Statutes of the United States (42
> U.S.C. 1983), or any other Federal law, by
> a prisoner confined in any jail, prison,
> or other correctional facility until such
> administrative remedies as are available
> are exhausted.

This provision makes no distinction between an action for damages, injunctive relief, or both. Thus, prisoners are required to exhaust available administrative remedies prior to initiating a prison conditions case brought pursuant to 42 U.S.C. §1983 or any other federal law.

In Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recently held that the exhaustion requirement is mandatory whether or not the

administrative remedies afford the inmate-plaintiff the relief sought in the federal court action. In Nyhuis, the inmate had complained that federal prison officials had wrongfully confiscated some of his personal property. As in this case, the inmate sought compensatory damages. Chief Judge Becker, writing for the unanimous panel, declared that administrative remedies must be exhausted even though the prisoner could not obtain in the administrative process the monetary relief he sought in federal court.

The majority of courts, and very recently the Third Circuit, have held that excessive force claims concern "prison conditions" for purposes of the exhaustion requirement in § 1997e(a). See, Booth v. Churner, 206 F.3d 289, (3d Cir. 2000) cert granted 121 S.Ct. 377 (2000); Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999); Freeman v. Francis, 196 F.3d 641, 643-44 (6th Cir. 1999); Wendell v. Asher, 162 F.3d 887, 889, 891-92 (5th Cir. 1998); Garrett v. Hawk, 127 F.3d 1263, 1264-66 (10th Cir. 1997); Diezcabeza v. Lynch, 75 F.Supp.2d 250, 252-53 (S.D. N.Y. 1999); Johnson v. Garraghty, 57 F.Supp.2d 321, 325-27 (E.D. Va. 1999); Beeson V. Fishkill Correctional Facility, 28 F.Supp.2d 884, 887-92 (S.D. N.Y. 1998); Morgan v. Arizona Department of Corrections, 976 F. Supp. 892, 895-96 (D. Ariz. 1997).

In Booth, the Court of Appeals for the Third Circuit based it's view upon the fact that Congress, in enacting the PLRA, not

8

only established the exhaustion requirement in § 1997e(a), but also elsewhere in the Act defined the term "civil action with respect to prison conditions" to mean "any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison . . .." 18 U.S.C. § 3626(g)(2). Thus, the Court held that an excessive force claim involves "the effects of actions by government officials on the lives of persons confined in prison . . ..", and is subject to the exhaustion requirement in § 1997e(a). Accordingly, Franklin's present claims are required to be exhausted.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective October 20, 1994). With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Chief Hearing Examiner.

Effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-

9

4, issued April 29, 1998.) Further, the amendment requires that the (g)rievances must be submitted for initial review to the Facility/Regional grievance Coordinator within fifteen (15) days after the events upon which the claims are based," but allows for extensions of time for good cause, which "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

Franklin makes no indication that he has pursued any administrative remedies. Based on the record before it, the court is unable to conclude that Franklin has exhausted his administrative remedies with respect to the claim against defendant Via. Accordingly, within 15 days of the date of this order, Franklin must demonstrate to the court that he has exhausted his administrative remedies with respect to the facts alleged in his complaint. In so doing, he should specify exactly what administrative steps he has taken and on what date, as well as specifically state the result reached and the date of that result. Franklin is forewarned that this failure to timely comply with this order or his failure to demonstrate exhaustion will result in this case being dismissed without prejudice for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). See Pew v. Imschweiler, et al., Civil Action No. 96-0760 (M.D. Pa. September 12, 1996) (Kosik, J.); Johnson v. Gillis, et al., Civil Action No. 96-1569 (M.D. Pa. August 29, 1996) (Conaboy, J.); Lubawski v. Horn, et al., Civil Action No. 96-1371 (M.D. Pa. July

29, 1996) (Rambo, C.J.); <u>Smith v. Giza</u>, Civil Action No. 96-1167 (M.D. Pa. July 2, 1996) (Rambo, C.J.); <u>Brooks v. Superintendent Lunk of Div. 10</u>, <u>et al.</u>, No. 96C3221, 1996 WL 308268 (N.D. Ill. June 5, 1996). An appropriate Order is attached.

_____
YVETTE KANE
United States District Judge

Dated: May 14, 2001

```
              UNITED STATES DISTRICT COURT
                       FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
```

CLARENCE FRANKLIN,                  :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    CIVIL NO. 1:CV-00-0238
                                    :
PENNSYLVANIA DEPARTMENT OF,         :    (Judge Kane)
CORRECTIONS, ET AL.,                :
                                    :
          Defendants.               :

**FILED**
**HARRISBURG, PA**

**MAY 1 4 2001**

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

<u>ORDER</u>

NOW, THEREFORE, THIS 14th DAY OF MAY, 2001, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss is granted as to defendants DOC, Horn, and Kyler.

2. Within 15 days of the date of this order, Franklin must demonstrate to the court that he has exhausted his administrative remedies with respect to the facts alleged in his complaint. He should specify exactly what administrative steps he has taken and on what date, as well as specifically state the result reached and the date of the result.

3. Franklin's failure to timely comply with this order or his failure to demonstrate exhaustion will result in the dismissal of this case in its entirety pursuant to 42 U.S.C. §1997e(a).

/s/ Yvette Kane
YVETTE KANE
United States District Judge

YK:ap

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                        May 14, 2001


    Re:  1:00-cv-00238    Franklin v. Pennsylvania Departm



    True and correct copies of the attached were mailed by the clerk
    to the following:


         Fincourt B. Shelton, Esq.
         Six North Ninth Street
         Suite 201
         Darby, PA  19023

         Angelo L. Cameron, Esq.
         Six North Ninth Street
         Suite 201
         Darby, PA  19023

         William E. Fairall Jr., Esq.
         PA Dept of Corrections
         P.O. Box 598
         55 Utley Drive
         Camp Hill, PA  17001-0598

         Peter Hobart, Esq.
         PA Department of Corrections
         Office of Chief Counsel
         55 Utley Drive
         Camp Hill, PA  17011-8028



cc:
Judge                         ( / )            ( ) Pro Se Law Clerk
Magistrate Judge              (   )            ( ) INS
U.S. Marshal                  (   )            ( ) Jury Clerk
Probation                     (   )
U.S. Attorney                 (   )
Atty. for Deft.               (   )
Defendant                     (   )
Warden                        (   )
Bureau of Prisons             (   )
Ct Reporter                   (   )
Ctroom Deputy                 (   )
Orig-Security                 (   )
Federal Public Defender       (   )
Summons Issued                (   ) with N/C attached to complt. and served by:
```

```
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5      ( )
Order to Show Cause      ( ) with Petition attached & mailed certified mail
                              to:  US Atty Gen   ( )   PA Atty Gen ( )
                                   DA of County  ( )   Respondents ( )
Bankruptcy Court         ( )
Other_____ ( )
                                              MARY E. D'ANDREA, Clerk


    DATE:     5-14-01                BY: /s/
                                         Deputy Clerk
```