Law Clerk's Copy



FILED
HARRISBURG
JUL 20 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN, :
:
Plaintiff, :
: CIVIL ACTION NO. 1:CV-00-0238
v. :
:
THE PENNSYLVANIA DEPARTMENT :
OF CORRECTIONS, MARTIN F. HORN, :
KENNETH D. KYLER AND ROBERT :
VIA :
:
Defendants. :

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
BRIEF IN SUPPORT OF EXHAUSTION**

**STATEMENT OF THE CASE**

A. **Identity of the Parties and Nature of the Action**

Plaintiff, Clarence Franklin, is an inmate currently incarcerated in the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Defendants are the Pennsylvania Department of Corrections ("the Department"), an executive agency, Martin F. Horn, the Secretary of the Department, Kenneth D. Kyler, the Superintendent at SCI-Camp Hill, and Corrections Officer Robert Via ("CO Via").

1

Plaintiff contends that on or about February 20, 1998, CO Via slammed Plaintiff's right ring finger in the food panel of his cell door, severing it. (Complaint, ¶¶ 13-17). He further claims that CO Via then left the severed finger outside the cell for approximately an hour, before seeking medical attention. (Complaint, ¶¶ 18-20). Plaintiff contends that in so doing, CO Via violated his Fifth, Eighth and Fourteenth Amendment rights under the United States Constitution, and unspecified State Constitutional rights as well. (Complaint, ¶22). Plaintiff further claims that CO Via's conduct constituted assault and battery, as well as deliberate indifference to medical treatment. (Complaint, ¶¶ 29-39).

**B.     Relevant Procedural History**

On February 18, 2000, personal service was made upon the Litigation Coordinator at SCI-Camp Hill, presumably on behalf of Defendants Kyler and Via. Service on behalf of Secretary Horn and the Department was made at the Office of Chief Counsel on February 10, 2000. On March 3, 2000, Defendants filed a Motion to Dismiss with supporting brief. On May 14, 2001, this Court granted Defendants' Motion to Dismiss to the extent that Defendants Horn and Kyler were excused outright, and Plaintiff was given fifteen (15) days to demonstrate to the court that he had exhausted his administrative remedies with respect to the facts alleged in his complaint, or suffer dismissal pursuant to 42 USC 1997e(a).

By Order of June 22, 2001, this Court noted having received a letter from Plaintiff's counsel sixteen days earlier, which the Court construed as a Motion for Enlargement of Time, and granted, presumable *nunc pro tunc*, extending Plaintiff's counsel's deadline from May 29, 2001 to July 12, 2001. On July 17, 2001, undersigned counsel received Plaintiff's "Brief to

2

Demonstrate Exhaustion of Administrative Relief" (hereinafter Brief). Defendants now file this response.

### C.  Legal Precedent Relating to Exhaustion

In response to the tide of frivolous inmate lawsuits that threatened to overwhelm the federal courts, Congress enacted the Prison Litigation Reform Act in 1996. *See, e.g.,* 141 Cong. Rec. S7498-01, S7526 (1995) (statement of Senator Kyl); *Cruz v. Jordan*, 80 F. Supp. 2d 109, 125 (S.D.N.Y. 1999). This act mandates in relevant part that, "[n]o action shall be brought with respect to prison conditions under . . . (42 U.S.C. §1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until <u>such administrative remedies as are available</u> are exhausted." 42 U.S.C. § 1997e(a)(emphasis added).

Through the Prison Litigation Reform Act ("PLRA"), Congress mandated that the available administrative remedies must be <u>fully exhausted</u> within the state prison system before filing a civil rights action in state or federal court (emphasis added). *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000)(emphasis added).

Furthermore, among the additional good reasons for enacting the PLRA's exhaustion provision are: (1) reducing the State's burden of defending frivolous (or premature) prisoner suits, (2) deterring the filing of future frivolous (or premature) litigation, (3) facilitating the reduction of the federal judiciary's longstanding involvement in prison management and (4) promoting the efficiency and protecting the authority of the administration providing a non-judicial remedy. *See, e.g., McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Duamutef v.*

3

*O'Keefe*, 98 F.3d 22 (2d Cir. 1996); *Benjamin v. Kerik*, 2000 U.S. Dist. LEXIS 7685 (S.D.N.Y. June 5, 2000); *Cruz v. Jordan*, 80 F. Supp. 2d 109, (S.D.N.Y. 1999).

Under 42 U.S.C. § 1997e(a), the Plaintiff bears the burden of demonstrating to the court that he has exhausted administrative remedies or that such remedies were not available to him. In order to avoid dismissal under 42 U.S.C. § 1997e(a), a Plaintiff must show that he has exhausted the available grievance procedures or that he has been improperly denied access to those grievance procedures before his case can proceed. *Boles v. Romer*, 116 F.3d 1489 (10th Cir. 1997).

The Third Circuit has recently issued two significant decisions that strictly enforce the exhaustion of such remedies. In *Nyhuis v. Reno*, 204 F. 3d 65 (3d Cir. 2000), the court held exhaustion applies even though the government's administrative remedies did not provide the relief sought in the lawsuit i.e., there is no futility exception. Until exhaustion is satisfied, the court may not reach the merits of the claim. *Id.* at 78. In *Booth v. Churner*, 206 F. 3d 289 (3d Cir. 2000) (*aff'd* 121 S. Ct. 1819, 2001 U.S. LEXIS 3982 (U.S. 2001)) the court held that exhaustion applies to a use of force claim even though the DOC grievance procedure did not provide monetary relief.

The language of both statue and precedent, as well as the holdings of courts that have addressed the issue directly makes plain that the PLRA's exhaustion requirement embraces <u>all</u> available remedies, and cannot be satisfied merely by partial compliance. *See Dodson v. Ohio Dep't of Corrections*, 2000 U.S. App. LEXIS 14083 at *3 (6th Cir. Ohio June 14, 2000); *Thaddeus-X v. Wozniak*, 2000 U.S. App. LEXIS 11817 at *3 (6th Cir. Mich. May 23, 2000); *Ahmed v. Sromovski*, 103 F. Supp. 2d 838 (E.D. Pa. 2000); *Salaam v. Consovoy*, 2000 U.S. Dist. LEXIS 19971 (D.N.J. Apr. 14, 2000); *Ghana v. Holland*, 1996 U.S. Dist. LEXIS 22569 (M.D.

Pa. Nov. 27, 1996); *Feliz v. Taylor*, 2000 U.S. Dist. LEXIS 20681 (E.D. Mich. July 27, 2000); *see also* 42 U.S.C. § 1997e(a); *McCarthy v. Madigan*, 503 U.S. 140, (1992); *Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000).

### D. Facts Relating to Exhaustion

This Court's Memorandum of May 14, 2001 correctly noted that the Pennsylvania Department of Corrections Administrative Grievance System has four levels: informal resolution, formal grievance, appeal to the Superintendent, and appeal to the Office of Final Review (*Franklin v. Pennsylvania Department of Corrections*, 1:CV-00-0238, Memorandum of May 14, 2001, p.9). Webster's dictionary defines "exhaust" in relevant part as: "to consume entirely," "to develop (a subject) completely." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, 406 (10 th Ed. 1997). Plaintiff's own Brief clearly demonstrates that Franklin did not exhaust available administrative remedies, in any legal or a semantic sense of the term.

Plaintiff's Exhibit A purports to be Request to Staff seeking informal resolution of the alleged injury to his finger. Plaintiff's Exhibit B is another Request to Staff seeking informal resolution, this time relating to issues of alleged antagonism and falsification of records, and not the matter at issue herein. Plaintiff's Exhibit C appears to be an unprocessed grievance improperly addressed to Superintendent Kenneth Kyler (not the grievance coordinator), and bearing no trace of official receipt (such as a signature or grievance number). Plaintiff's Exhibit D appears to be properly addressed, but unprocessed grievance relating to further allegations of harassment, irrelevant to this claim. Plaintiff's Exhibit E is a response from the grievance coordinator ostensibly relating to Exhibit D. There is no Exhibit or reference pertaining to an appeal to the Office of Final Review.

5

The mechanism available to inmate's wishing to file a grievance is not difficult to follow. It is laid out in detail in the inmate handbook, a copy of which is provided to all inmates. On February 20, 1998, Plaintiff alleges that he sustained an injury. Consistent with the Department's internal grievance process, Plaintiff should first have sought informal resolution of his complaint, and, according to his Exhibit A, this he did. Within fifteen (15) days of such incident, Plaintiff should then have submitted a formal grievance <u>to the grievance coordinator</u>. Plaintiff's own exhibits demonstrate that he failed to do so. Having appropriately raised the matter with the grievance coordinator, Plaintiff should have appealed the grievance's outcome to the Superintendent. Plaintiff's own exhibits demonstrate that he failed to do so. If dissatisfied with the Superintendent's response, Plaintiff should then have written to the Office of Final Review. Plaintiff's own exhibits demonstrate that he failed to do so.

The Exhibits produced by Plaintiff in response to this Court's request for evidence of exhaustion totally fail to establish that he has complied with the PLRA's exhaustion requirement in any meaningful way.

6

## CONCLUSION

For all of the reasons stated above, the Defendants respectfully request the Court to dismiss Plaintiff's Complaint against all named Defendants for failure to exhaust all available administrative remedies.

Respectfully submitted,

_____
Peter Hobart
Assistant Counsel
Attorney ID # 83737

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated:  July 20, 2001

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN, :
:
: CIVIL ACTION NO. 1:CV-00-0238
Plaintiff, :
:
v. :
:
THE PENNSYLVANIA DEPARTMENT :
OF CORRECTIONS, MARTIN F. HORN, :
KENNETH D. KYLER AND ROBERT :
VIA, :
:
Defendants. :

## PROOF OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing Response to Plaintiff's Brief in Support of Exhaustion upon the person(s) in the manner indicated below:

          Service by first-class mail
            addressed as follows:

Angelo L. Cameron, Esquire
FINCOURT B. SHELTON & ASSOCIATES, P.C.
6 North 9th Street, Suite 201
Darby, Pennsylvania 19023

         */s/ Tracey M. McCullough*
         Tracey M. McCullough
         Administrative Officer

Pa. Department of Corrections
55 Utley Drive
Camp Hill, Pa 17011
(717) 731-0444

Dated: July 20, 2001