IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN          :
     Plaintiff,          :
vs.                        :  CIVIL ACTION NO.: 1:CV-00-0238
                           :
PENNSYLVANIA DEPARTMENT    :  (Judge Kane)
OF CORRECTIONS, ET AL.     :
     Defendants          :

FILED
SCRANTON
AUG - 1 2001
PER _____
DEPUTY CLERK

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF IN SUPPORT OF EXHAUSTION

## ARGUMENT

Defendants argue, inter alia, that plaintiff's brief demonstrates that he did not exhaust all available administrative remedies before filing the within civil action. To support their position, defendants aver that *Nyhuis v. Reno*, 204 F.d3 63 (3d Cir. 2000) is controlling on this issue. By noting that there is no futility exception, counsel demonstrates his awareness that the attempts by inmate Clarence Franklin to enforce his rights pursuant to the Prison Litigation Reform Act of 1996 (hereinafter, "PLRA"), were futile.

In Nyhuis, supra., plaintiff commenced the action without any attempts to exhaust the administrative process available him, ostensibly because it could not provide him with the relief that he sought. Here, the record reveal that plaintiff, consistent with the Department's internal grievance process, first sought informal resolution of his complaint. See, Exhibit "A" of Plaintiff's Brief to Demonstrate Exhaustion of Administrative Relief. By noting that plaintiff's Exhibit "C", an unprocessed grievance, was improperly addressed to Superintendent Kenneth Kyler, without any trace of a signature or grievance number, counsel cleverly attempt to place the onus back upon plaintiff to demonstrate compliance with the PLRA. Counsel has not explain

why the official inmate grievance did not make its way to the grievance coordinator. Moreover, counsel has not given this court any reasons why Grievance Coordinator, Ben Livingood, did not respond.

Plaintiff submits that his actions in response to C/O Robert Via's deliberate and vicious assault went unanswered. Despite the Unit Manager's comments that, "it is up to the Superintendent to authorize an investigation," and notwithstanding the assurances that he [Mr. Ward] would watch the staff for inappropriate comments and take appropriate action if any are discovered, plaintiff obtained no measure of affirmative relief. The evidence produced by plaintiff clearly show he received nothing more than illusory promises from the Unit Manager. See, Exhibit "C".

Moreover, it is unreasonable to intimate as counsel has done, that plaintiff's Exhibit "D" did not alert prison officials to the fact that the initial grievance had not been answered. Plaintiff clearly advised the grievance coordinator that nothing had been done. See, section B of Exhibit "D". The only record of response from the grievance coordinator came on April 20, 1998, two months following the assault and battery upon plaintiff.

The evidence shows that plaintiff attempted to enforce his rights pursuant to PLRA, that the prison officials improperly ignored his complaints, and that Ben Livingood and others frustrated his attempts to pursue his administrative remedies to the point of futility. Plaintiff respectfully submit that where recourse to PLRA's administrative proceedings would be futile or inadequate, the exhaustion requirement is excused.

## CONCLUSION

Plaintiff pursued the administrative process in place at SCI-Camp Hill in order to remedy the deprivations of his constitutional rights. The actions taken by Camp Hill officials in response

to plaintiff's informal complaint and grievance request frustrated the efforts plaintiff took to redress his injuries. SCI-Camp Hill officials, through their control and regulation of inmates and in their implementation of PLRA , violated plaintiff's constitutional rights by depriving him the opportunity to redress his complaints without due process of law. The action taken was done without giving plaintiff a hearing or affording him a meaningful remedy. The internal remedies which were available at SCI-Camp Hill did not allow plaintiff to accomplish what he sought. Plaintiff's actions in seeking counsel and commencing this civil action was proper.

Plaintiff respectfully request that the court deny defendants' Motion to Dismiss, or in the alternative, enter an order directing that a full administrative hearing be held forthwith.

Respectfully submitted,

FINCOURT B. SHELTON & ASSOCIATES, P.C.

By: _____
Fincourt B. Shelton, Esquire
Attorney for Plaintiff
Attorney ID # 31598

Dated: __July 27, 2001__

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN :
    Plaintiff, :
vs. : CIVIL ACTION NO.: 1:CV-00-0238
 :
PENNSYLVANIA DEPARTMENT : (Judge Kane)
OF CORRECTIONS, ET AL. :
    Defendants :

## CERTIFICATION OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing Reply to Defendants' Response to Plaintiff's Brief in Support of Exhaustion upon the person(s) and in the manner indicated below.

Service by first-class mail
addressed as follows:

Peter Hobart, Esquire
PA Department of Corrections
55 Utley Drive
Camp Hill, PA 17011

By: _____
Fincourt B. Shelton, Esquire
Attorney for Plaintiff

Dated: __July 27, 2001__