UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE FRANKLIN,
    Plaintiff,

v.    CIVIL NO. 1:CV-00-0238

PENNSYLVANIA DEPARTMENT OF,    (Judge Kane)
CORRECTIONS, ET AL.,
    Defendants.

**MEMORANDUM**

**Background**

    Plaintiff Clarence Franklin, an inmate presently confined at the State Correctional Institution at Camp Hill, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The filing fee has been paid. Named as defendants are the Pennsylvania Department of Corrections (DOC), Martin Horn, DOC Commissioner, Kenneth Kyler, Superintendent of the State Correctional Institution at Camp Hill (SCI-Camp Hill), and SCI-Camp Hill Corrections Officer Robert Via.

    Plaintiff alleges that on or about February 20, 1998, he was housed at SCI-Camp Hill, when he received a serious bodily injury as a direct result of defendant Via slamming the food panel against his hand. (Doc. No. 1, Complaint). The tip of plaintiff's ring finger was severed and laid outside the cell door for approximately one hour. (Id.). Franklin was denied medical treatment for approximately one hour. (Id.).

Thus, the plaintiff through counsel filed the instant action.[1] Franklin sets forth four (4) allegations:

1. "(V)iolation of his rights secured by the laws and Constitution of the United States, in particular the Fifth, Eighth, and Fourteenth Amendments and 42 U.S.C. Section 1983."

2. "Defendant Via, individually and in his capacity as a correctional officer immediately prior to physically attacking Plaintiff, intended to and did, place Plaintiff in imminent fear of a harmful or offensive bodily contact, by verbally threatening Plaintiff using profane and vulgar language, coupled with harmful bodily contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger."

3. "Defendant Via individually and in his capacity as a correction officer engaged in conduct which intentionally caused Plaintiff to suffer harmful physical contact by violently slamming the cell door food panel on Plaintiff's hand, severing his finger."

4. "Defendants deliberate indifference to Plaintiff's medical needs and treatment offend involving standards of decency and violated his rights which are secured by the laws and Constitution of the United States, in particular 42 U.S.C. Section 1983, the Fifth, Eighth, and Fourteenth Amendments and his rights under the Constitution of the Commonwealth of Pennsylvania."

(Id.). For relief, plaintiff seeks compensatory and punitive damages as well as awarding plaintiff the reasonable costs and expenses of this action and reasonable attorney's fees.

By Order dated May 14, 2001, defendants Martin Horn, Kenneth Kyler and the Department of Corrections were dismissed from the action and the plaintiff was directed to demonstrate to the court that he had

---

[1] Plaintiff did not file his complaint on this court's § 1983 form. Instead, Franklin's counsel filed a Civil Cover Sheet with an attached ten (10) page Civil Action complaint.

2

exhausted his administrative remedies with respect to the facts alleged in the complaint. (Doc. No. 16).

On July 16, 2001, the plaintiff filed his brief to demonstrate exhaustion. (Doc. No. 19). In support of exhaustion, plaintiff offers the following:

On February 21, 1998, plaintiff submitted a Request to Unit Manager Ward seeking to informally resolve the injury to his finger. He asked that Mr. Ward conduct an investigation into the matter. On February 23, 1998, Mr. Ward responded that "it was up to the superintendent to authorize an investigation". However, he would "watch staff for inappropriate comments and take appropriate action if any are discovered". (Doc. No. 19, Exhibit A, Inmate's Request to Staff Member).

On February 23, 1998, plaintiff submitted another Request to Mr. Ward. This request voiced plaintiff's concern about certain SMU staff "antagonizing [him] about [his] finger" and "making racist remarks and so forth". He asked that Mr. Ward "tell them to leave [him] alone", as well as to stop putting false information into his prison record. There is no written indication of a response to this request. Id. at Exhibit B, copy of Inmate's Request to Staff Member.

On March 5, 1998, Franklin completed an Official Inmate Grievance form, addressed to Superintendent Kyler. In it he expressed his concern about having submitted a grievance "about his incident on Feb. 20th", to Grievance Coordinator Livingood "between February 20th and

23rd" and not receiving any response. Plaintiff also states that he is "going through the same problems with some of [the] staff and when [he] addresses these problems", he "gets no results from anyone". There is no indication that this grievance was received by Superintendent Kyler and processed. Id. at Exhibit C, copy of Official Inmate Grievance.

On April 14, 1998, Franklin submitted an Official Inmate Grievance form to Grievance Coordinator Livingood in which he complained that "on the above date, while collecting the dinner trays C/O Hoover said to C/O Johns, 'I wonder how Franklin liked his food after I pissed in it' and this C/O has been harassing [plaintiff] for about two months now since [his] finger tip has been cut off on 2-20-98". Franklin claims that he "reported this to the Unit Manager and still hasn't nothing been done about C/O Hoover harassing [him] and [he] would like something done". Plaintiff also states that he has not "heard anything from [his] last grievance [he] sent to Mr. Ward for him to resolve Grievance #CAM-0314-98". Id. at Exhibit D, copy of Official Inmate Grievance. On April 20, 1998, plaintiff received a response from Grievance Coordinator Livingood, stating that "the attached grievance is being returned to you because it raises the same issue as that already addressed in response to your Grievance No. CAM-0314-98. Id. at Exhibit E, copy of Memo from Ben Livingood. Plaintiff, however, does not attach as part of Exhibit E, the grievance that was returned. He further claims that he never received

4

a written response to Grievance No. Cam-0314-98, which concerned C/O Via's actions on February 20, 1998. (Doc. No. 19, Brief in support of exhaustion).

**Discussion**

According to 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), prisoners are required to exhaust all available administrative remedies prior to bringing a federal action challenging prison conditions. 42 U.S.C. § 1997e(a); Booth v. Churner, 121 S.Ct. 1819 (2001); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000). Specifically, the PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(amended by Pub.L. 104-134, Title I, § 101(a), 110 Stat. 1321-71(1996)).

The PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory, "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible". Booth, 121 S.Ct. at 1824; Nyhuis, 204 F.3d at 67 (holding that exhaustion of all administrative remedies is mandatory-whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action). In Booth, the United States Supreme

Court set forth a bright-line rule requiring that inmate-plaintiffs exhaust all available administrative remedies that are capable of addressing their grievances. 121 S.Ct. at 1825. Booth dealt with an inmate-plaintiff who brought a civil action under 42 U.S.C. § 1983. Like Mr. Franklin, Booth argued that he was not subject to the exhaustion requirement because such exhaustion would be futile. Id. The Supreme Court affirmed the Third Circuit's rejection of Booth's argument, holding that no such exception exists in the statute. Thus, the amendment of § 1997e(a) by the PLRA was intended to subject all prisoner actions (save for habeas petitions) to § 1997e(a)'s exhaustion requirements.

Accordingly, in the instant case, Mr. Franklin must establish that he has exhausted all available administrative remedies before initiating his § 1983 civil rights action. The Court finds, however, that the plaintiff has failed to make this showing.

The plaintiff's complaint centers around the alleged intentional severing of plaintiff's finger by defendant, Corrections Officer Robert Via, and the subsequent denial of medical treatment. Plaintiff's only exhibit submitted to this court addressing this claim is his February 21, 1998 request to staff member, in which he attempted to informally resolve the matter with his unit manager. To the extent that plaintiff was not satisfied with the unit manager's response, plaintiff was then to submit a formal grievance to the grievance coordinator. There is no indication in the record that

6

plaintiff filed a formal grievance to the grievance coordinator.

To the extent that plaintiff claims that Grievance No. CAM-0314-98 was a properly filed grievance concerning defendant Via's action, to which plaintiff never received a response, the court first notes, that Grievance No. CAM-0314-98 has not been submitted to the court as an exhibit in support of plaintiff's exhaustion of administrative remedies. In any event, the procedure contemplates several tiers of review and the Grievance Review System is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance is not resolved to his or her satisfaction. Plaintiff's next step was to appeal the Grievance Coordinator's decision, or lack of one thereto, to the prison superintendent, and then file a final written appeal to the Chief Hearing Examiner for the Department of Corrections. This was the policy in place at the time of plaintiff's alleged injury.[2] Plaintiff offers no evidence of this. Thus, it is apparent that the plaintiff has not exhausted the administrative remedies available to him and the complaint will be dismissed without prejudice.   An appropriate Order follows.

NOW, THEREFORE, THIS 21st DAY OF NOVEMBER, 2001, IT IS HEREBY

---

[2] DC-ADM 804 has since been amended effective January 1, 2001. As of January 1, 2001, all inmates under the jurisdiction of the Department who have been personally affected by a Department or institution action or policy are permitted to file a grievance, to file an appeal to the facility manager from the initial grievance review, and to file a final appeal of the grievance decision to the Secretary's Office of Inmate Grievances and Appeals.

7

**ORDERED THAT:**

1. The complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a) for failing to exhaust administrative remedies.
2. The Clerk of Court is directed to close this case.
3. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

_____
YVETTE KANE
United States District Judge

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 21, 2001

Re:  1:00-cv-00238   Franklin v. Pennsylvania Departm

True and correct copies of the attached were mailed by the clerk to the following:

```
Fincourt B. Shelton, Esq.
Six North Ninth Street
Suite 201
Darby, PA  19023

Angelo L. Cameron, Esq.
Six North Ninth Street
Suite 201
Darby, PA  19023

William E. Fairall Jr., Esq.
PA Dept of Corrections
P.O. Box 598
55 Utley Drive
Camp Hill, PA  17001-0598

Peter Hobart, Esq.
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011-8028
```

```
cc:
Judge                       (✓)        (✓) Pro Se Law Clerk
Magistrate Judge            ( )        ( ) INS
U.S. Marshal                ( )        ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               (✓)
Federal Public Defender     ( )
Summons Issued              ( ) with N/C attached to complt. and served by:
```

11-21-01